UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOPHER MCCHESTER, #661768,

    Petitioner,

                                    Case No. 15-cv-10098

v.

                                    HON. MARK A. GOLDSMITH

DUNCAN MACLAREN,

    Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION TO DISMISS (Dkt. 9); (2) DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS; (3) DENYING A CERTIFICATE OF APPEALABILITY; AND (4) DENYING PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

## I. INTRODUCTION

Petitioner Kristopher McChester filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner pled no contest in the Genesee County Circuit Court to unarmed robbery. Mich. Comp. Laws § 750.530. On September 17, 2012, Petitioner was sentenced as a second-time habitual felony offender to 87 months-to-22½ years' imprisonment.

The amended petition, filed on May 4, 2015, raises two claims: (i) Petitioner is entitled to a sentence under the terms of the plea agreement that called for a minimum sentence term of between three and seven years; and (ii) Petitioner was deprived of his right to appellate counsel when counsel noted a viable sentencing guideline issue but then withdrew from the case. As explained fully below, the Court denies the amended petition without prejudice because Petitioner still has an available state-court remedy. Furthermore, the Court must abstain from

1

ruling on Petitioner's sentencing issue, as the case is currently before the state trial court on remand for resentencing. The Court also denies Petitioner both a certificate of appealability and permission to proceed on appeal in forma pauperis.

## II. BACKGROUND

Petitioner entered his no contest plea on July 24, 2012. Prior to entering the plea, Petitioner was informed that if he were convicted after trial of armed robbery and with being a fourth-time habitual felony offender, as charged, he faced an estimated guideline minimum sentence term of 108-to-360 months. 7/24/2012 Plea Tr. 5-7 (Dkt. 10-2).

Petitioner was then offered a plea deal, which called for him to plead guilty to the lesser charges of unarmed robbery and second-time habitual felony offender. Petitioner was informed that these convictions would entail a maximum sentence of 22½ years. Id. at 8. The prosecutor also informed Petitioner that the guideline range for the minimum sentence was 36-to-88 months. Id. at 9. Defense counsel countered that the guideline range for the minimum sentence was three-to-seven years. Id. The trial court informed Petitioner that these proffered guideline ranges were "guestimates," and they might be raised or lowered depending on information that came out at the sentencing hearing. Id. at 10. Petitioner then entered a no-contest plea to the reduced charge.

At the sentencing hearing, the trial court calculated the minimum sentence guideline range to be 50-to-125 months, a range higher than both estimates given at the plea hearing. 9/17/2012 Sentencing Tr. at 7 (Dkt. 10-3). Petitioner was then sentenced to 87 months-to-22½ years. Id. 7-8.

Petitioner filed a direct appeal, raising the following claims in a pro se application for

leave to appeal:

> i. McChester is entitled to resentencing with the specific enforcement of the agreement with the court to a 3-to-7 year minimum sentence and his counsel was ineffective for not properly instructing him as to what his minimum sentence really would be.
>
> ii. McChester was sentenced based on an inaccurate score for OV 4 and his counsel was ineffective for failing to object.

The Michigan Court of Appeals rejected Petitioner's appeal "for lack of merit in the grounds presented." People v. McChester, No. 318145 (Mich. Ct. App. Jan. 2, 2014) (Dkt. 10-5). Petitioner appealed this order, and the Michigan Supreme Court remanded the case back to the Michigan Court of Appeals to decide Petitioner's second claim as on leave granted. People v. McChester, 853 N.W.2d 98 (Mich. 2014).

On January 7, 2015, prior to resolution of the remand proceedings, Petitioner filed the instant action, raising his first habeas claim (Dkt. 1). Then on May 4, 2015, a day before the Michigan Court of Appeals rendered its decision, Petitioner filed a motion to amend his petition to include his second claim (Dkt. 6).

The Michigan Court of Appeals then issued a published opinion granting Petitioner partial relief, holding that the sentencing guidelines were improperly scored and remanding the case to the trial court for resentencing with a minimum sentence guidelines range of 43-to-107 months. People v. McChester, __ N.W.2d __, 2015 WL 2077974, at *1 (Mich. Ct. App. May 5, 2015). That matter is currently pending in the trial court.

On July 17, 2015, Respondent filed a motion to dismiss the petition (Dkt. 9), asserting that, because Petitioner may obtain the sentence he claims he is entitled to at resentencing, and

3

because he will have an appeal in state court even if he does not receive the reduced sentence, the petition should be dismissed without prejudice on lack of exhaustion grounds. Petitioner has not filed a response to the motion.

### III. ANALYSIS

#### A. Exhaustion and Abstention

State prisoners must first exhaust their available state-court remedies before seeking habeas relief by fairly presenting all their claims to the state courts. 28 U.S.C. §§ 2254(b)-(c); Rhines v. Weber, 544 U.S. 269, 274 (2005); accord Wilson v. Mitchell, 498 F.3d 491, 498 (6th Cir. 2007). The petitioner bears the burden of proving that he has exhausted those remedies. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied after the petitioner fairly presents all his claims to the highest court in the state in which the petitioner was convicted, thus giving the state a full and fair opportunity to rule on the petitioner's claims before he seeks relief in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

While it is true that the Michigan Court of Appeals' first order rejected Petitioner's claim that he is entitled to a three-to-seven year minimum sentence as a result of representations made at the plea hearing, and that this issue was not part of the remand order or the reason for the resentencing, it does not change the fact that the petition is subject to dismissal without prejudice on exhaustion grounds.

Federal habeas review is unavailable until state remedies are exhausted, even if the particular claim brought in federal court has been finally settled by the state courts. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); Woods v. Gilmore, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998). This is because, until state review is complete, it is possible that the

petitioner will obtain the relief he seeks in the state courts on different grounds, avoiding altogether the need for federal habeas review.

Indeed, for this Court to grant relief on Petitioner's claim, and hold that the state court must impose a sentence within a certain range, would amount to interference with an ongoing state criminal proceeding in violation of Younger v. Harris, 401 U.S. 37 (1971). Younger applies if a state criminal proceeding is (i) currently pending, (ii) involves an important state interest, and (iii) affords the petitioner an adequate opportunity to raise constitutional claims. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

Here, there is a pending resentencing proceeding in the state trial court that may resolve Petitioner's claim that he is entitled to a certain minimum sentence in his favor. The state has an important interest in enforcing its own criminal laws and in requiring the trial court to comply with the correctly scored sentencing guidelines range. Lastly, Petitioner may appeal any adverse ruling after he is resentenced. See Mich. Ct. R. 7.203(B) and 7.205. Thus, not only does Petitioner still have avenues of state review available rendering the petition unexhausted, the Court must abstain from interfering in the pending state criminal proceeding. See Langley v. Belleque, No. CV 04-6197-AA, 2005 WL 293639, at *5-6 (D. Ore. Feb. 8, 2005) (Younger abstention doctrine applied where habeas petitioner sought relief during state sentencing retrial based on claim that state court violated his federal constitutional rights in not allowing him counsel of his choice during resentencing trial).

Therefore, the Court finds that the Petitioner has not demonstrated that he has exhausted his state court remedies, and it also finds that it must abstain from interfering in the pending state criminal proceeding. Accordingly, the Court dismisses the petition without prejudice.

B.  **Certificate of Appealability and Leave to Proceed <u>In Forma Pauperis</u> on Appeal**

The Court concludes that this resolution of the petition is not reasonably debatable, nor does Petitioner deserve encouragement to proceed further in federal court prior to the exhaustion of his state court remedies. The Court, therefore, denies a certificate of appealability under 28 U.S.C. § 2253(c)(2). The Court will also deny Petitioner permission to proceed on appeal <u>in forma pauperis</u> because any appeal of this decision would be frivolous.

SO ORDERED.

Dated: October 7, 2015          s/Mark A. Goldsmith
       Detroit, Michigan        MARK A. GOLDSMITH
                                United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2015.

                                s/Johnetta M. Curry-Williams
                                Case Manager